UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMINE TARZIA and KATHLEEN TARZIA,

    Plaintiffs,

v.   Case No. 6:11-cv-1651-Orl-28TBS

AMERICAN SECURITY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Pending before this Court are:

(1) Defendant's Motion to Compel Deposition of Plaintiff Kathleen Tarzia with Incorporated Memorandum of Law (Doc. 18);

(2) Plaintiffs' Response to Defendant's Motion to Compel Deposition of Kathleen Tarzia (Doc. 23);

(3) Plaintiffs' Motion to Drop Kathleen Tarzia as a Party to the Litigation Pursuant to Federal Rule of Civil Procedure 21 (Doc. 22); and

(4) Defendant's Response to Plaintiffs' Motion to Drop Kathleen Tarzia as a Party (Doc. 25).

After due consideration, and without oral argument, the Court concludes that the motion to compel is due to be granted in part and denied in part and the motion to drop Kathleen Tarzia is due to be granted after she is deposed.

### I. Background

Plaintiffs were husband and wife and co-owners of property ("Property") located

in Brevard County, Florida.  (Doc. 22).  The Property was insured under a policy ("Policy") of insurance issued by Defendant.  (Doc. 2).  Plaintiffs were both named insureds on the Policy.  (Doc. 2 & 22).  In 2004, the Property suffered wind and water damage.  (Doc. 2).  Plaintiffs allege they gave Defendant notice of the loss but Defendant has failed and refused to pay for the repair of the Property.  (Id.)

In 2006, Carmine Tarzia filed for dissolution of his marriage to Kathleen Tarzia. (Doc. 22).  The parties entered into a Marital Settlement Agreement in December, 2007, and their marriage was dissolved in February, 2008.  (Id.)  Pursuant to the parties' Marital Settlement Agreement, which was approved by the Court and made a part of its Final Judgment of Dissolution of Marriage, Carmine Tarzia received sole ownership of the Property.  (Id.)  Today, Kathleen Tarzia resides in Kentucky.  (Doc. 18).

Plaintiffs filed this action in state court in September, 2011 and Defendant removed it to this Court based upon diversity jurisdiction.  (Doc. 1).  On January 19, 2012, Plaintiffs' counsel informed Defendant's counsel that Kathleen Tarzia had been included in the suit out of an abundance of caution even though she has no interest in the Property.  (Doc. 23).  Counsel for Plaintiffs asked whether Defendant would object if Kathleen Tarzia was not included in any settlement or judgment and if Defendant would object to Ms. Tarzia being dropped as a party.  (Id.)  At that time, Defendant did not agree to Kathleen Tarzia being dropped from this action.  (Id.).

Later, counsel conferred and agreed to the taking of both Plaintiffs' depositions in Orlando, Florida on June 25, 2012.  (Doc. 18).  In April, 2012, Defendant noticed

-2-

Kathleen Tarzia's deposition to be taken in Orlando on June 25, 2012. (Id.) On June 22, 2012, Kathleen Tarzia executed an affidavit stating that she was waiving and releasing any and all claims she might have to benefits from the Policy on account of damage to the Property and she assigned her interest in the proceeds of the Policy to Carmine Tarzia. (Doc. 23). In her affidavit she requests that she "be dropped as a party to the litigation based on my assignment." (Id.) That same day, Plaintiffs' counsel informed the Defendant that Kathleen Tarzia would not be appearing for her deposition. (Doc. 18).

Defendant has motioned the Court to compel Kathleen Tarzia's deposition and that it be taken in the Middle District of Florida. Plaintiffs believe the motion to compel should be denied because Defendant unreasonably refused in January, 2012, to agree to the dropping of Kathleen Tarzia as a party. (Doc. 23).

After the motion to compel was filed, Plaintiffs' filed their motion asking that Kathleen Tarzia be dropped from this lawsuit. (Doc. 22). Defendant is not opposed to the dropping of Kathleen Tarzia so long as she is compelled to appear for deposition in the Middle District of Florida first. (Doc. 25).

## II. Discussion

Whether Kathleen Tarzia was a necessary or indispensable party when this action was filed is not an issue the Court needs to decide. Today, she is a dispensable party who does not wish to participate in this litigation and Defendant has no vested right to keep her in the lawsuit. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The only possible

prejudice Defendant can show is that taking Kathleen Tarzia's deposition may be more expensive if she is dropped before she is deposed.

Local Rule 3.04(b) states that "it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once in this District during the discovery stages of the case."  Plaintiffs do not offer any reason why the Local Rule does not apply in this circumstance and they have not provided any evidence that Kathleen Tarzia will be prejudiced if she is required to come to Florida to give her deposition.

The Court presumes that Ms. Tarzia freely consented and agreed to be named as a Plaintiff in this action.  In doing so, she knew or should have known she would likely have to travel to the Middle District of Florida at least once for her deposition. By the time Plaintiffs first proposed dropping her the issues in this case had been joined. (Doc. 4).  Still, had she filed a motion to be dropped before her deposition was coordinated and set, it would have been appropriate to grant her motion and require Defendant to go to Kentucky to depose her.  That however, is not what happened. Through her attorney, she agreed to the taking of her deposition in Orlando, Florida. Only afer her deposition was set and noticed did she execute her affidavit and announce that she would not be appearing.  The reasonableness of Defendant's position when Ms. Tarzia inquired about being dropped in January, 2012 is not the issue.  Kathleen Tarzia was then and is now one of the parties who instituted this lawsuit. She has participated in this litigation and agreed, through her attorney, to be deposed here.  The Court understands Mr. Tarzia and Ms. Tarzia's current

relationship is strained at best. (Doc. 22). However, that does not explain why she waited until the Friday before her Monday deposition to assign her interest, if any, in this claim to her former husband, and then inform Defendant that she would not be appearing. Under these circumstances, it is appropriate for her to sit for the taking of her discovery deposition in the Middle District of Florida.

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). There are three exceptions to the Rule, none of which are applicable. The Defendant's motion to compel does not include a claim for legal expenses under Rule 37 but it does include a general prayer for relief. Defendant also asked that if its motion to compel is granted that it be awarded a reasonable amount of attorneys' fees and costs associated with its lawyer making a second trip to Orlando, Florida to depose Kathleen Tarzia. Plaintiffs did not address the issue of legal expenses in their response to the motion to compel. Defendant is entitled to and the Court "must" award Defendant its reasonable expenses, including attorneys' fees incurred in prosecuting its motion to compel. However, Defendant's decision to employ an attorney who resides in Ft. Lauderdale, Florida does not justify an award of travel costs for Ms. Tarzia's deposition.

### III. Conclusion

Accordingly, it is adjudged that:

(1) Kathleen Tarzia shall appear in the Middle District of Florida for the taking of her deposition on a date, at a time, and at a location agreed upon by counsel. If counsel are unable to agree upon the details of Ms. Tarzia's deposition within ten days from the rendition of this Order then, within fifteen days from the rendition of this Order, they shall submit their respective proposals to the Court in writing and the Court will set the deposition.

(2) Upon written notice to the Court that her discovery deposition has been completed, the undersigned will issue a Report and Recommendation that Kathleen Tarzia be dropped as a party.

(3) Defendant shall recover its reasonable expenses, including attorneys' fees for the prosecution of its motion to compel from Plaintiffs. If the parties are unable to agree upon the amount within ten days from the rendition of this Order, Defendant should submit its application for expenses and Plaintiffs will have fourteen days to respond in writing.

(4) In all other respects, the relief requested in the parties' motions is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on July 17, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel