UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMINE TARZIA and KATHLEEN TARZIA,

    Plaintiffs,

v.                                                          Case No:  6:11-cv-1651-Orl-28TBS

AMERICAN SECURITY INSURANCE COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's (sic) Renewed Motion to Drop Kathleen Tarzia as a Party to the Litigation Pursuant to this Court's Order Dated July 17, 2012. (Doc. 32).  Plaintiffs were husband and wife and co-owned property ("Property") located in Brevard County, Florida. (Doc. 22). The Property was insured under a policy of insurance issued by Defendant (the "Policy").  (Doc. 2). Plaintiffs were both named insureds on the Policy. (Doc. 2 & 22). In 2004, the Property suffered wind and water damage. (Doc. 2). Plaintiffs allege they gave Defendant notice of the loss but Defendant has failed and refused to pay for the repair of the Property. (Id.)

In 2006, Carmine Tarzia filed for dissolution of his marriage to Kathleen Tarzia and Plaintiffs' marriage was dissolved in February, 2008. (Doc. 22).  Pursuant to the Plaintiffs' Marital Settlement Agreement, which was approved by the Court and made a part of its

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Final Judgment of Dissolution of Marriage, Carmine Tarzia received sole ownership of the Property. (Id.) Today, Kathleen Tarzia resides in Kentucky. (Doc.18).

Plaintiffs filed this action in state court in September, 2011 and Defendant removed it to this Court based upon diversity jurisdiction. (Doc. 1). On January 19, 2012, Plaintiffs' counsel informed the Defendant that Kathleen Tarzia had been included in this suit out of an abundance of caution even though she has no interest in the Property. (Doc. 23). Plaintiff's counsel asked whether Defendant would agree to Ms. Tarzia being dropped as a party and at that time, the Defendant did not agree. (Id.)

Later, counsel conferred and agreed to the taking of both Plaintiffs' depositions in Orlando, Florida on June 25, 2012. (Doc. 18). In April, 2012, Defendant noticed Kathleen Tarzia's deposition to be taken in Orlando on June 25, 2012. (Id.) On June 22, 2012, Kathleen Tarzia executed an affidavit stating that she was waiving and releasing any and all claims she might have to benefits from the Policy on account of damage to the Property and she assigned her interest in the proceeds of the Policy to Carmine Tarzia. (Doc. 23). In her affidavit she requested that she "be dropped as a party to the litigation based on my assignment." (Id.) That day, Plaintiffs' counsel informed the Defendant that Kathleen Tarzia would not be appearing for her deposition. (Doc. 18).

Defendant motioned the Court to compel Kathleen Tarzia's deposition and that it be taken in the Middle District of Florida. After Defendant filed its motion to compel, Plaintiffs' motioned the Court to drop Kathleen Tarzia as a party. (Doc. 22). Defendant responded that it was not opposed to the Court dropping Kathleen Tarzia so long as she appeared for deposition in the Middle District of Florida first. (Doc. 25). I issued an Order compelling Kathleen Tarzia to testify in Florida and stated that upon written notice that

her Florida deposition had been completed, I would issue a Report and Recommendation that Kathleen Tarzia be dropped as a party.

The Plaintiffs have now filed their written notice that Kathleen Tarzia gave her deposition in the Middle District of Florida on August 31, 2012 and they are once again requesting that she be dropped as a party.  Fed.R.Civ.P. 21 provides that "[o]n motion or on its own, the Court may at any time, on just terms, add or drop a party."  Defendant's only objection to the original motion was that they first be permitted to depose Kathleen Tarzia in the Middle District of Florida and that has occurred.  Kathleen Tarzia no longer has an interest in the Property or the Policy and she is therefore, a dispensable party.  She has made clear that she does not wish to participate in this case and Defendant has no vested right to keep her in this lawsuit against her will.

Accordingly, upon consideration of the circumstances, the undersigned **RESPECTFULLY RECOMMENDS** that the Court **GRANT** Plaintiff's (sic) Renewed Motion to Drop Kathleen Tarzia as a Party to the Litigation Pursuant to this Court's Order Dated July 17, 2012 (Doc. 32) and **DROP** Kathleen Tarzia as a party plaintiff.

RESPECTFULLY RECOMMENDED in Orlando, Florida on the 19th day of September, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties